UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WENDY WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| | ) | 08 CV 2554 |
| v. | ) | JUDGE GETTLEMAN |
| | ) | MAG. JUDGE KEYS |
| WALGREENS CO., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE/
ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Walgreen Co., by and through its counsel, provides the following Answer and Affirmative/Additional Defenses to Plaintiff's Complaint:

1. This is an action for employment discrimination.

**ANSWER:** Defendant admits that Plaintiff purports to bring an action against Defendant for employment discrimination, but expressly denies the commission of any wrongdoing. Except as specifically admitted, Defendant denies the allegation in this Paragraph.

2. The plaintiff is Wendy Wilson of the county of Cook in the state of _____ [sic].

**ANSWER:** Defendant admits the allegations in this Paragraph.

3. The defendant is Walgreen Co, whose street address is 300 Wilmot Road, Deerfield, Cook, IL 60015 (Defendant's telephone number) (_____) - _____ [sic].

**ANSWER:** Defendant admits that its corporate headquarters are located at 200 Wilmot Road, Deerfield, Cook County, IL 60015. Except as specifically admitted, Defendant denies the allegations in this Paragraph.

4. The plaintiff sought employment or was employed by the defendant at 300 Wilmot Road, Deerfield, Cook, IL 60015.

**ANSWER:** Defendant admits that Plaintiff sought employment with Defendant and that Plaintiff was employed by Defendant. Except as specifically admitted, Defendant denies the allegations in this Paragraph.

5. The plaintiff was employed but is no longer employed by the defendant.

**ANSWER:** Defendant admits the allegations in this Paragraph.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, September, ___ [sic], 2006.

**ANSWER:** Defendant denies the allegations in this Paragraph, including all underlying assumptions.

7.1 (a) The defendant is not a federal governmental agency, and the plaintiff has not [sic] filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

(i) ☐ the United States Equal Employment Opportunity Commission, on or about April ___ [sic], 2006.

(ii) ☒ the Illinois Department of Human Rights, on or about August 3, 2007.

**ANSWER:** Defendant admits that it is not a federal governmental agency and that Plaintiff filed a charge against Defendant with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about August 3, 2007, the contents of which speak for themselves. Except as specifically admitted, Defendant denies the allegations in this Paragraph.

(b) If the charges *were* filed with an agency indicated above, a copy of the charge is attached. ☒ Yes.

**ANSWER:** Defendant admits that a copy of Plaintiff's August 3, 2007 EEOC charge is attached to her Complaint. Except as specifically admitted, Defendant denies the allegations in this Paragraph.

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

**ANSWER:**　Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph as they relate to Plaintiff's state of mind.

　　7.2　The defendant is a federal governmental agency, and

　　　　(a)　the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

　　　　☒ Yes, August 3, 2007

**ANSWER:**　Defendant admits that Plaintiff filed a charge against Defendant with the EEOC on or about August 3, 2007, the contents of which speak for themselves. Except as specifically admitted, Defendant denies the allegations in this Paragraph.

　　　　2.　The plaintiff received a Final Agency Decision on February 6, 2008.

**ANSWER:**　Defendant admits that Plaintiff received a Dismissal and Notice of Rights on February 6, 2008. Except as specifically admitted, Defendant denies the allegations in this Paragraph.

　　c.　Attached is a copy of the

　　　　a.　Complaint of Employment Discrimination,

　　　　　　☒ Yes

**ANSWER:**　Defendant admits that a copy of Plaintiff's August 3, 2007 EEOC charge is attached to her Complaint. Except as specifically admitted, Defendant denies the allegations in this Paragraph.

　　　　(ii)　Final Agency Decision

　　　　　　☒ Yes

80435.1　　　　　　　　　　　　　　3

**ANSWER:**   Defendant admits that a copy of the Dismissal and Notice of Rights is attached to her Complaint. Except as specifically admitted, Defendant denies the allegations in this Paragraph.

8. The United States Equal Employment Opportunity commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on February 6, 2008, a copy of which *Notice* is attached to this complaint.

**ANSWER:**   Defendant admits the allegations in this Paragraph.

9. The defendant discriminated against the plaintiff because of the plaintiff's

   (b)   Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981).

**ANSWER:**   Defendant denies the allegations in this Paragraph, including all underlying assumptions.

   (e)   Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981).

**ANSWER:**   Defendant denies the allegations in this Paragraph, including all underlying assumptions.

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

**ANSWER:**   Defendant denies that it is a state, county, municipal (city, county or village) or other local governmental agency and affirmatively states that this allegation is not applicable to Defendant.

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3), and 42 U.S.C. §2000e-5(f)(3); for 42 U.S.C. §1981 and §1983 by 42 U.S.C. §1988; for the A.D.E.A. by 42 U.S.C. §12117; for the Rehabilitation Act, 29 U.S.C. § 791.

**ANSWER:**   Defendant admits that the Court has subject matter jurisdiction over Plaintiff's Title VII and 42 U.S.C. §1981 claims pursuant to the statutes cited in this Paragraph. Except as specifically admitted, Defendant denies the allegations in this Paragraph.

12. The defendant

    (f) failed to stop harassment;

**ANSWER:**   Defendant denies the allegations in this Paragraph, including all underlying assumptions.

    (g) retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

**ANSWER:**   Defendant denies the allegations in this Paragraph, including all underlying assumptions.

13. The facts supporting the plaintiff's claim of discrimination are as follows:

    Plaintiff spoke to Human Resources about a co-worker harassing her. Human Resources stated they would investigate the issues, and meet with me the following week. Unfortunately Human Resources did not investigate the claim. My Director told me after 2 months of waiting on a response from Human Resources to, "Get thick skin and ignore my co worker." After I filed a case with Human Rights Walgreens offered to give me $500.00, which I did not accept.

**ANSWER:**   Defendant admits that Plaintiff spoke to a human resources representative about a conflict that she was having with her co-worker. Except as specifically admitted, Defendant denies the allegations in this Paragraph.

14. The plaintiff demands that the case be tried by a jury.   ☒ Yes

**ANSWER:**   Defendant admits the allegation in this Paragraph.

## AFFIRMATIVE/ADDITIONAL DEFENSES

### FIRST AFFIRMATIVE/ADDITIONAL DEFENSE

Plaintiff's claim for damages is barred or subject to reduction to the extent Plaintiff failed to mitigate her damages.

### SECOND AFFIRMATIVE/ADDITIONAL DEFENSE

Defendant undertook good faith efforts to comply with the statutes pursuant to which Plaintiff has brought her claims, including by making good faith efforts to enforce an anti-discrimination/anti-harassment/anti-retaliation policy, thus barring Plaintiff's claim for punitive damages.

### THIRD AFFIRMATIVE/ADDITIONAL DEFENSE

To the extent Plaintiff is claiming that she was subjected to a hostile work environment by a supervisor, Defendant exercised reasonable care to prevent and correct promptly any alleged race-based or retaliatory harassment in the workplace, and Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by Defendant or to avoid the alleged harm otherwise (or, if it is determined that Plaintiff did avail herself of the available preventative or corrective opportunities, Defendant took appropriate and prompt remedial action).

### FOURTH AFFIRMATIVE/ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent she failed to exhaust her administrative remedies relating to such claims.

WHEREFORE, Defendant respectfully requests that judgment be entered in its favor and against Plaintiff, dismissing Plaintiff's Complaint in its entirety, and granting such other and further relief as the Court may deem just and proper.

Dated: August 4, 2008　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　By:　/s/ William J. Wortel
　　　　　　　　　　　　　　　　　　　　One of the Attorneys for Defendant,
　　　　　　　　　　　　　　　　　　　　Walgreen Co.

William J. Wortel
Christy E. Phanthavong
BRYAN CAVE LLP
161 N. Clark Street
Suite 4300
Chicago, Illinois 60601
(312) 602-5000 (telephone)
(312) 602-5050 (facsimile)
Email: bill.wortel@bryancave.com
Email: christy.phanthavong@bryancave.com

80435.1　　　　　　　　　　　　　　　7

**CERTIFICATE OF SERVICE**

I, William J. Wortel, an attorney, certify that I caused a copy of the foregoing *Defendant's Answer and Affirmative/Additional Defenses to Plaintiff's Complaint*, to be served upon the following individual, via U.S. mail, on this the 4th day of August, 2008:

>Wendy Wilson
>8626 Trumbull
>Skokie, IL  60076

>/s/ William J. Wortel
>William J. Wortel