UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WENDY WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| | ) | 08 CV 2554 |
| v. | ) | JUDGE GETTLEMAN |
| | ) | MAG. JUDGE KEYS |
| WALGREENS CO., | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

Pursuant to Rule 26(f) and Judge Gettleman's standing order, a meeting was held by telephone on September 2, 2008, between Plaintiff, Wendy Wilson, and Christy Phanthavong, on behalf of Defendant Walgreen Co. (incorrectly named herein as "Walgreens Co."), for purposes of preparing the following Joint Status Report:[1]

A. Date and Time of Status Conference: This matter is set for a status conference on September 18, 2008, at 9:00 a.m.

B. Attorneys of Record for the Parties:

Plaintiff:   *Pro Se*

Wendy Wilson
8626 Trumbull
Skokie, IL 60076

Counsel for Defendant:

William J. Wortel (lead trial attorney)
Christy E. Phanthavong
BRYAN CAVE LLP
161 N. Clark St., Ste. 4300
Chicago, IL 60601
(312) 602-5000 (telephone)
(312) 602-5050 (facsimile)
bill.wortel@bryancave.com
christy.phanthavong@bryancave.com

---

[1] Plaintiff has authorized counsel for Defendant to file this report as a Joint Status Report.

CH01DOCS\89069.1

C.     Basis for federal jurisdiction: Jurisdiction of this Court is invoked by Plaintiff pursuant to 28 U.S.C. §§ 1331 and 1343; 42 U.S.C. § 2000e-5(f)(3); and 42 U.S.C. § 1988.

D.     Jury request: Plaintiff has requested a trial by jury.

E.     Nature of the claims asserted in the complaint: Plaintiff is pursuing claims under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 for alleged harassment, discrimination on the basis of race and color, and retaliation. Plaintiff is a former employee of Defendant.

F.     Relief sought by the Plaintiff, including computation of damages: approximately fifteen thousand dollars, constituting six thousand dollars in lost wages and nine thousand dollars in pain and suffering and court costs.

G.     Service issues: None.

H.     Principal legal issues: (1) whether Plaintiff complied with all administrative prerequisites; (2) whether Plaintiff can establish claims for harassment, discrimination, and retaliation; (3) whether Defendant can establish the *Ellerth* defense to Plaintiff's harassment claim; (4) whether Defendant undertook good faith efforts to comply with the statutes pursuant to which Plaintiff has brought her claims, such that her claim for punitive damages is barred; and (5) whether Plaintiff's claim for damages barred or subject to reduction due to a failure to mitigate damages. *See Scaife v. Cook County*, 446 F.3d 735, 739-40 (7th Cir. 2006) (discussing burdens in Title VII discrimination and retaliation cases).

I.     Principal factual issues: (1) whether Defendant took employment actions with respect to Plaintiff because of her race, color or complaint(s) of harassment; (2) whether Plaintiff complained of illegal conduct and, if so, what was Defendant's response; (3) whether Defendant's actions with respect to Plaintiff violated federal statutory laws; (4) whether, assuming that Defendant's actions with respect to Plaintiff violated federal statutory laws, Plaintiff suffered any damages; (5) whether Defendant undertook good faith efforts to comply with the statutes pursuant to which Plaintiff has brought her claims, such that her claim for punitive damages is barred; and (6) whether Plaintiff failed to mitigate her damages.

J.     Anticipated Motions:

      (i)     Motion for Entry of Protective Order: to the extent that any confidential information is sought by Plaintiff through discovery, Defendant will file an appropriate motion for entry of protective order.

      (ii)     Motion for summary judgment: Defendant anticipates filing a motion for summary judgment after the close of discovery.

K.  Proposed Discovery Plan:

(i) Type of discovery needed: discovery will be needed on Plaintiff's claims, Defendant's defenses, and damages. No discovery has been taken. Discovery will include written discovery to, and depositions of, the parties; depositions of key witnesses; and third-party subpoenas (medical, employment, etc.).

(ii) Fact discovery completion date (including discovery relating to non-expert medical providers): March 18, 2009.

(iii) Expert discovery completion date, including dates for the delivery of expert reports:

(1) Expert witness discovery shall begin after the ruling on any dispositive motion that is filed or, if no such motion is filed, after the close of fact discovery. The parties will inform each other on or before April 1, 2009, as to whether they intend to file dispositive motions.

(2) Expert witness disclosure deadlines pursuant to Rule 26(a)(2):

a. From Plaintiff: three weeks after the ruling on any dispositive motion or, if no such motion is filed, April 18, 2009 (with Plaintiff's experts to be deposed thereafter within four weeks of disclosure);

b. From Defendant: four weeks after the deposition of Plaintiff's experts (with Defendant's experts to be deposed thereafter within four weeks of disclosure);

c. From Plaintiff (rebuttal expert disclosures): three weeks after the deposition of Defendant's experts (with Plaintiff's rebuttal experts to be deposed thereafter within three weeks of disclosure).

L.  Trial matters:

(i) Earliest date the case will be ready for trial: approximately six months after Defendant's anticipated dispositive motion is filed, i.e., approximately December 18, 2009.

(ii) Probable length of trial: 5 days.

M.  Status of Settlement Discussions: During the telephone conversation held to complete this report, Plaintiff provided counsel for Defendant with a settlement demand. Counsel for Defendant will discuss this demand with Defendant and intends to respond to Plaintiff before the September 18, 2008 status hearing. Counsel for Defendant has discussed the possibility of resolving this matter through ADR with Defendant; Defendant will consider engaging in a settlement conference with a Magistrate Judge.

N.   Consent to Proceed before a Magistrate Judge: the parties do not unanimously consent to proceed before a Magistrate Judge.

Dated: September 2, 2008

By: _____   By: _____
Plaintiff, Wendy Wilson                One of the Attorneys for Defendant,
                                       Walgreen Co.
Wendy Wilson
8626 Trumbull                          William J. Wortel
Skokie, IL 60076                       Christy E. Phanthavong
                                       BRYAN CAVE LLP
                                       161 North Clark Street
                                       Suite 4300
                                       Chicago, Illinois 60601
                                       (312) 602-5000 (telephone)
                                       (312) 602-5050 (facsimile)
                                       Email: bill.wortel@bryancave.com
                                       Email: christy.phanthavong@bryancave.com

-4-

## CERTIFICATE OF SERVICE

I, Christy E. Phanthavong, an attorney, certify that I caused a copy of the foregoing *Joint Status Report* to be served by mailing a copy by first class mail, postage prepaid, to the following individual on September 4, 2008:

Wendy Wilson
8626 Trumbull
Skokie, IL 60076

                                              _____
                                              Christy E. Phanthavong